**Lonnie REED, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Acting Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 00–35443.

D.C. No. CV–98–1481–JE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided Dec. 6, 2001.

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM \*\*

Plaintiff Lonnie Reed appeals the district court's order affirming the Commissioner of Social Security's denial of his application for Social Security disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further administrative proceedings.

---

\* Larry G. Massanari, as Acting Commissioner of the Social Security Administration, is substituted for his predecessor in office under Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by *Ninth Circuit Rule 36–3*.

This is the second round of appeals involving Reed's application for disability insurance benefits. In the first round, the administrative law judge ("ALJ") concluded that Reed was not disabled after rejecting Reed's testimony as not credible. The district court upheld the credibility finding, but remanded the case for further administrative proceedings to consider additional evidence. The ALJ held a supplemental hearing and concluded that Reed was not entitled to disability insurance benefits because he became disabled after December 31, 1993, the date upon which his insured status expired. The ALJ again disregarded Reed's testimony concerning his pain and limitations. The district court affirmed and held that the prior adverse credibility determination should be given *res judicata* effect in this round of proceedings.

■ On appeal to this court, Reed argues that the district court erred by affirming the ALJ's rejection of his testimony.[1] The ALJ disregarded Reed's testimony on the ground that his "statements concerning his impairments and their impact on his ability to work are not entirely consistent with the paucity of objective findings in the record, but they are consistent with his diagnosis of somatoform disorder." We agree with Reed's contention that the ALJ improperly discredited his testimony.

Although an ALJ may disbelieve or disregard pain testimony, the "reason for rejecting the ... testimony must be clear and convincing and supported by specific findings. It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible. He must either accept [Reed's] testimony or make specific findings rejecting it." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993) (internal citations and quotation marks omitted).

■ Here, the ALJ's blanket statement that Reed's testimony is not consistent with the objective findings is not a clear and convincing reason supported by specific findings. Indeed, the ALJ's conclusion is particularly puzzling given the fact that he found that the testimony is consistent with a diagnosis of somatoform disorder. That Reed suffers from somatoform disorder means that he experiences physical symptoms for which there are no demonstrable organic findings and for which there is a strong presumption that the symptoms are linked to psychological factors. *See* STEDMAN'S MEDICAL DICTIONARY 510 (26th ed.1995). Thus, one cannot expect Reed's allegations of physical limitations and pain to be confined to objective physical examination to the extent they are psychologically enhanced. If Reed, in fact, suffers from psychologically-enhanced symptoms, they can form a proper basis for determining disability.

■ We therefore remand this case to the district court for further remand to the Commissioner of Social Security for consideration of Reed's application for benefits consistent with this memorandum disposition.[2] In deciding what weight to give to Reed's testimony, the ALJ should con-

---

1. Reed's subjective allegations about the intensity and effects of his impairments are relevant to determine whether he has the residual functional capacity to perform work. *See* 20 C.F.R. § 404.1529.

2. After Reed filed this appeal, the Commissioner filed a motion to remand the case to the district court with instructions to remand for further administrative proceedings. The Commissioner agrees that the district court erred in holding that the prior credibility determination is binding as *res judicata* in this proceeding. In light of our decision to remand, the Commissioner's motion is rendered moot and is denied on that basis.

sider the psychological evaluations of Dr. Glaus and Dr. Dixon, but should not give *res judicata* effect to the adverse credibility determination in the previous proceeding. If the ALJ determines that Reed's allegations concerning his impairments should be disregarded, the ALJ must support this decision with specific findings which are, in turn, supported by the record.

Reed shall have and recover his costs on appeal.

REVERSED and REMANDED for further proceedings consistent with this disposition.